UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Magwood, ) | C/A: 2:13-2244-DCN-BM |
| Plaintiff, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| City of Charleston Police Dept.; Charleston County Sheriff Office; Jennifer Haberstadt, Officer; Thomas Costanzo, Officer; Lt. Dutton; Sgt. Robertson; Ro Inv Ratliffe; Inv. Cobb; Inv. Sumner; Inv. Burke; Inv. Shealy; Inv. Forest; Prosecutor Bianchi; DEA Agent Euper; Sean McMicking, ) | |
| Defendants. ) | |

This is a civil action filed by the Plaintiff *pro se*, and is before the Court for pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened). Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (en banc), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915 permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted,"

or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319. Further, while this Court is also required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Allegations of the Complaint

The allegations of the Complaint are minimal. Plaintiff's "Statement of Claim" reads, in its entirety: "In all the names above in Section 2C, I will like to file this civil action claim against the named (above) defendants. Because I was falsely accused of a crime that I was acquitted of. Also the three witnesses that was cohearsed." (ECF No. 1 at 3 (errors in original).) As to his requested relief, Plaintiff states that he "is hereby seeking a relief of [$]55,000,000 and can be negoiatable [sic]." (*Id.* at 4.)

## Discussion

Plaintiff asserts his claims under 42 U.S.C. § 1983. It appears that, as with his prior case, *see Magwood v. U.S. District Court*, C/A No. 2:13-307-DCN-BM (hereinafter, *Magwood I*), Plaintiff is alleging a violation of his constitutional rights with regard to his criminal case in this

2

court, *see United States v. Magwood*, Cr. No. 2:11-2037.[1] However, Plaintiff has failed to include in his Complaint sufficient allegations to state a claim against the defendants.

The pleadings in the present case fail to provide any specific factual information regarding how the defendants violated Plaintiff's constitutional rights. In *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Supreme Court held:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although a court must liberally construe a *pro se* complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994) (requiring more than "naked allegations" to survive dismissal); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because the plaintiff "failed to contain any factual allegations tending to support his bare assertion"). Additionally, while a plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *See Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Cecala v. NationsBank Corp.* 40 F. App'x 795, 798 (quoting *Beaudett*, 775 F.2d at 1278). Because Plaintiff's pleadings provide no factual support

---

[1] This Court may take judicial notice of its own records. *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (District Court clearly had the right to take notice of its own files).



3

for his conclusory allegations against the unidentified defendants, this case is subject to summary dismissal.

*City of Charleston Police Department*

As in *Magwood I*, Plaintiff has added as a defendant the City of Charleston Police Department. However, as this Court informed Plaintiff in that case, *see id.*, ECF No. 14 at 5–6, a city or city department may be sued in federal court under 42 U.S.C. § 1983 only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). This Defendant cannot be held liable just because its employees worked for the city, as there is no governmental liability under § 1983 based upon the doctrine of respondeat superior, nor may a governmental entity be held liable under § 1983 merely because it employs a tortfeasor. *Monell*, 436 U.S. at 691–92. Rather, as noted, a city or city department may only be liable for damages when the execution of the city's or Department's policy or custom results in an alleged injury. *Id.* at 694; *Spell v. McDaniel*, 824 F.2d 1380 (4th Cir. 1987), *cert. denied*, 484 U.S. 1027 (1988). As stated by the Supreme Court:

> Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker. Otherwise the existence of the unconstitutional policy, and its origin, must be separately proved. But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the "policy" and the constitutional deprivation.

*City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24 (1985) (plurality opinion) (footnotes omitted).



Plaintiff has failed to cite to any evidence sufficient to create a genuine issue of fact as to whether the actions of the investigators in this case, to the extent they even amounted to a constitutional violation, were the result of a custom or policy of the Defendant city police department. Indeed, the Complaint contains no allegations that the investigators' actions were the result of a custom or policy of the City of Charleston Police Department. In sum, Plaintiff cites to no specific policy of the City of Charleston Police Department which would serve to create a genuine issue of fact as to whether this Defendant condoned, through a policy or procedure of the City of Charleston Police Department, improper arrests and/or prosecutions by police officers. Accordingly, this cause cannot proceed against this Defendant.

## *Charleston County Sheriff Office*

Again, as in *Magwood I*, Plaintiff has joined the Charleston County Sheriff's Office as a defendant. But as he was previously informed, *see id.*, ECF No. 14 at 6–7, it is well established in South Carolina that a Sheriff's office is an agency of the State. *Stewart v. Beaufort Cty.*, 481 F. Supp. 2d 483, 492 (D.S.C. 2007). As such, as asserted against the Charleston County law enforcement division, this cause of action is a suit against the State of South Carolina itself. *Id.*; *see also Gulledge v. Smart*, 691 F. Supp. 947 (D.S.C. 1988), *aff'd*, 878 F.2d 379 (1989); *Carroll v. Greenville Cty. Sheriff's Dep't*, 871 F. Supp. 844, 845–46 (D.S.C. 1994).

The South Carolina Tort Claims Act waives the State of South Carolina's sovereign immunity in state court for certain tort claims, but specifically reserves South Carolina's Eleventh Amendment immunity from suit in federal court. See S. C. Code Ann. § 15-78-20(e) ("Nothing in this chapter is construed as a waiver of the state's ... immunity from suit in federal court under the

5

Eleventh Amendment to the Constitution of the United States ...."). Therefore, this Defendant is immune from suit on Plaintiff's claims in this Court and is entitled to dismissal.

### *Witness Defendants*

Plaintiff's action is also brought against "three witnesses," presumably that presented testimony against him. However, it is well-established and recently re-stated by the United States Supreme Court, that witnesses who give testimony at trial "are absolutely immune from liability for damages under § 1983." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1503 (2012). Accordingly, the witness-defendants are also exempt from Plaintiff's claims herein.

### **Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. *See Denton v. Hernandez, supra*; *Neitzke v. Williams, supra*; *Haines v. Kerner, supra*; *Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915.

                                                                              _____
                                                                              Bristow Marchant
                                                                              United States Magistrate Judge

August 29, 2013
Charleston, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*



## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

