**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Nathaniel Magwood, | ) | C/A No. 2:13-cv-2244 DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| City of Charleston Police Dept.; Charleston | ) | |
| County Sheriff Office; Jennifer Haberstadt, | ) | |
| Officer; Thomas Costanzo, Officer; Lt. | ) | |
| Dutton; Sgt. Robertson; Ro Inv Ratliffe; Inv. | ) | |
| Cobb; Inv. Sumner; Inv. Burge; Inv. Shealy; | ) | |
| Inv. Forest; Prosecutor Bianchi; DEA Agent | ) | |
| Euper; Sean McMicking, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The above referenced case is before this court upon the magistrate judge's recommenda-tion that the complaint be dismissed without prejudice and without issuance and service of process.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge.  Thomas v Arn, 474 U.S. 140 (1985).  Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

<u>cert.</u> <u>denied</u>, 467 U.S. 1208 (1984).[1]  **No objections have been filed to the magistrate judge's report and recommendation**.

A <u>de</u> <u>novo</u> review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation is **AFFIRMED**, and the complaint is **DISMISSED** without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED**.

_____
David C. Norton
United States District Judge

September 23, 2013
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[1]In <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985), the court held "that a <u>pro</u> <u>se</u> litigant must receive fair notification of the <u>consequences</u> of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" <u>Id.</u> at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the <u>consequences</u> at the appellate level of his failure to object to the magistrate judge's report.